[No. 22033. Department One. December 26, 1929.]

C. A. STERLING, *Respondent*, v. G. A. LOUDENBACK *et al.,
Appellants.*[1]

*Charles F. Wallace* and *Wm. A. Grimshaw,* for appellants.

*Fred Kemp,* for respondents.

BEALS, J.—Plaintiff C. A. Sterling and defendants Loudenback agreed upon an exchange of real properties whereby plaintiff was to convey to defendants a ranch in Chelan county and defendants to convey to plaintiff an orchard in Grant county. As part of the

[1]Reported in 283 Pac. 476.

deal, it was agreed that defendants should procure one G. H. Hodge as a purchaser for the Grant county orchard, and, in accordance with the contract, they produced Mr. Hodge, who signed a contract whereby he agreed to purchase the orchard from plaintiff at the price of $41,500, he to make no down payment, and to pay the purchase price in comparatively small annual installments, together with interest upon the unpaid balances. The contract whereby plaintiff agreed to sell the orchard to Hodge contained the usual forfeiture clause. It was also agreed that defendants should have the last $6,500 of the purchase price which Mr. Hodge was to pay plaintiff for the orchard, provided Hodge should fully carry out his contract according to its terms; and plaintiff executed to defendants an assignment transferring to them that portion of the purchase price.

Paragraph 5 of the preliminary contract between the parties to this action reads as follows:

"It is further expressly understood, agreed and conditioned as a part of the consideration of the transfers herein contemplated that first parties will execute a bond guaranteeing up to $3,000 the first payments to fall due on the proposed real estate contract for the said Grant county land, a true copy of which said bond and guarantee which first parties, in this connection, agree to execute, being attached hereto, marked exhibit B, hereby referred to and made a part hereof."

And in accordance with this agreement, when the deal was closed, defendants signed and delivered to plaintiff their bond in the following form:

"KNOW ALL MEN BY THESE PRESENTS, that G. A. LOUDENBACK and ARAMINTA L. LOUDENBACK, his wife, are held and firmly bound unto C. A. STERLING, his heirs and assigns, in the sum of three thousand and no/100 dollars ($3,000), for the payment of which, well and truly to be made, we bind ourselves, our heirs,

executors, administrators and assigns, jointly and severally, firmly by these presents.

"Sealed and dated this 17th day of April, 1924.

"The condition of this obligation is such that, WHEREAS, in a real estate exchange in which said obligors are interested, the said obligee, C. A. STERLING, with his wife, Catherine Sterling, have executed or are about to execute to G. M. Hodge, a real estate contract, covering lot 1, and the southeast quarter of section 2, twp. 23 north, range 28, E. W. M., situate in Grant county, Wash., by the terms of which the vendee Hodge has agreed to pay on account of the purchase price therefor, the sum of $1,000 and accrued interest on March 1, 1925, also the sum of $1,000 and accrued interest on March 1, 1926, and the sum of $1,000 and accrued interest on March 1, 1927, besides other and further payments thereafter to be made: and

"WHEREAS, these obligors have been beneficially interested in the said real estate contract to the extent herein set forth agree to see that a portion of the installment payments of said purchase price are promptly paid to the extent herein specified.

"Now, THEREFORE, these obligors covenant and agree and bind themselves to this extent:

"(1) That if the vendee Hodge under said real estate contract fails to make the $1,000 installment payment and interest due March 1, 1925, in full, these said obligors will pay obligee $1,000 or so much thereof as may be necessary to make up the full installment payment of principal and interest due obligee Sterling March 1, 1925.

"(2) That if the vendee Hodge under said real estate contract fails to make the $1,000 installment payment and interest due March 1, 1926, in full, these said obligors will pay obligee $1,000 or so much thereof as may be necessary to make up the full installment payment of principal and interest due obligee March 1, 1926.

"(3) That if the vendee Hodge under said real estate contract fails to make the $1,000 installment payment and interest due March 1, 1927, in full, these said obligors will pay obligee $1,000 or so much thereof

as may be necessary to make up the full installment payment of principal and interest due obligee March 1, 1927.

"(4) And it is covenanted and agreed that this obligation shall be binding and in force against obligors to the full extent of $1,000 for each of the three said annual installments up to the full amount of $3,000, whether or not the said real estate contract with vendee Hodge is continued in force by said vendors Sterling; that is, obligors are not to be relieved from this bond agreement even though it might be that the said real estate contract with vendee Hodge should be forfeited in the meantime because of default on vendee Hodge's part of the contract. The intent and purpose being at least to the extent to which obligors herein obligate themselves and regardless of any payments made or not made by said vendee Hodge, that the obligee, C. A. Sterling have as a part of his liquidated damages, such amounts as may fall due under this bond.

"If the above named obligors shall faithfully make the payments as hereinabove provided for and conditioned, then this obligation shall be void. Otherwise shall be and remain in full force and effect; and it is agreed that in case suit be necessary for recovery of any or all the amounts specified to be paid under this bond, that the obligee C. A. Sterling shall be entitled to recover and have allowed in addition to his statutory costs and disbursements, a reasonable attorney's fee to be determined by the court.

"Witness our hands this 17th day of April, 1924.

"G. A. LOUDENBACK,
"ARAMINTA L. LOUDENBACK."

Mr. Hodge was to pay plaintiff, on account of the purchase price of the orchard, $1,000 in one year and the same amount the second and third years following, interest on unpaid balances also to be paid annually. Mr. Hodge failed to pay the first annual installment of principal or the interest, and, after notice to him and to defendants, plaintiff declared the contract of sale to Hodge forfeited. Defendants paid to plaintiff the

$1,000 which Mr. Hodge should have paid March 1, 1925, and for the second $1,000 gave two notes for $500 each on which they subsequently paid $100. This action was brought on the notes and on the bond to recover judgment for the balance of $900 due on the notes, and on the bond the third installment of principal due according to the terms of the Hodge contract in the sum of $1,000.

Plaintiff, in his amended complaint, set forth the original contract between the parties, the contract whereby he agreed to sell the orchard to Mr. Hodge and the bond executed by defendants, above quoted. He also alleged the forfeiture of the Hodge contract and the amounts which plaintiff claimed Mr. and Mrs. Loudenback owed him. The amended complaint therefore sets forth fully all the facts pertaining to plaintiff's claim against defendants.

To this amended complaint, defendants demurred, and upon their demurrer being overruled they elected to stand thereon. In due time, judgment was entered against them in accordance with the prayer of plaintiff's complaint, they having failed to plead over, from which judgment they appeal.

Appellants contend that respondent's amended complaint fails to state facts sufficient to constitute a cause of action, and that the trial court erred in overruling their demurrer to this complaint and in entering judgment against them.

Appellants argue that the bond executed by them must be considered with the contract between respondent and Hodge, and that, respondent having elected to forfeit this contract and take back the property covered thereby, all obligations under the contract, whether on the part of Mr. Hodge, as vendee therein, or of appellants on the bond, have been released, and that they, as guarantors of a portion of the Hodge

contract, have in law been freed from any obligation on their bond by respondent's act in declaring the contract of sale terminated.

It is, of course, true that a vendor in a contract of conditional sale may, upon default by the vendee, elect whether to sue upon the contract, thereby passing title to the property conditionally sold to the vendee, or declare the contract forfeited and repossess the property. If the vendor selects the latter alternative, then, under our decisions, he cannot later enforce the terms of the contract against the vendee.

In support of their contention that this case is controlled by the rule last referred to, appellants cite many decisions of this court, relying chiefly upon the case of *Miller v. Moulton,* 77 Wash. 325, 137 Pac. 491. In that case, Miller, as vendor, contracted to sell to Moulton, as vendee, for $10,000, eighty acres of land, one dollar of the purchase price being paid in cash, the balance to be paid on or before three years, with interest on deferred payments. At the same time, Moulton, being the owner of a contract for the purchase of another tract of land, in which contract there existed a considerable equity in his favor, assigned this contract to Miller "as part of the consideration of this contract and as security for the performance of the same." Later, upon default by Moulton, Miller elected to declare the contract between himself and Moulton forfeited, and instituted the action above referred to for the purpose of obtaining a decree of forfeiture. Moulton answered, admitting the default on the contract, and the lawful termination thereof by Miller, and alleging that the real estate contract assigned by him to Miller had been so assigned only as security, and asking that the contract so pledged be declared to be his, free from any claim on the part of Miller. This court, in affirming the judgment of the

superior court, held that the assigned contract was turned over merely as security, and that Miller, having elected to rescind the contract between himself and Moulton, because of Moulton's default, could not retain that which was given him as security for full performance, in other words, that Miller could not repudiate the contract and, at the same time, profit by insisting upon the performance of conditions which had not fully matured.

The case just referred to and others cited by appellants are not in point here, because the bond sued upon in this action is an integral part of the original deal between respondent and appellants, a guarantee on the part of appellants that the three payments on account of principal referred to in the bond would be paid. The bond expressly provides for the contingency of the forfeiture of the contract between respondent and Hodge, and states that appellants are not to be relieved from their bond even though the Hodge contract be forfeited.

The nature of the contract between the parties, all the terms thereof being considered, and the language of the bond, differentiate this case from the cases cited by counsel upon the points referred to.

Appellants also contend that the release by respondent of Hodge released appellants from their bond because the latter is left without any consideration. For the purposes of this case, we treat the notes given by appellant and the bond as in all respects similar, assuming, in the discussion of the points raised by appellants, that if appellants are not liable upon the bond, neither are they liable upon the notes given pursuant thereto as above set forth.

Appellants cite the case of *Jordan v. Peek,* 103 Wash. 94, 173 Pac. 726, in which it was held that a guarantor of a contract, which it was held amounted to a con-

ditional sale of personal property, was released from his guaranty, the vendors having elected to take over the property, and that, by such election, the vendees having been released, the guarantor was also released. To the same effect is the case of *Duke v. Benson,* 134 Wash. 495, 236 Pac. 77. These cases are not controlling here, as in each case the guaranty sued upon was a part of the contract which had been terminated, there being no other contract between the parties.

Appellants also rely upon the recent decision of this court in the case of *Jones-Short Motor Co. v. Bolin,* 153 Wash. 198, 279 Pac. 395, in which it was held that a vendor of an automobile, having elected to rescind the contract and take back the personal property which was the subject-matter thereof, could not later maintain an action against the vendee upon a promissory note which had been given as part of the down payment referred to in the contract as the cash consideration therefor. In the case last cited, the contract between the parties provided that title to the automobile, which was the subject-matter of the conditional sale, should remain in the vendor until payment of the purchase price and all other sums of money payable to the vendor, whether evidenced by note, book account, or otherwise, and again, that the vendor, upon certain contingencies, might declare the unpaid balance, "including any note given, due and payable forthwith." These with other provisions of the contract were held to distinguish the case from that of *Norman v. Meeker,* 91 Wash. 534, 158 Pac. 78, Ann. Cas. 1917D 462, and the facts are so different from those presented by the case at bar that the decision does not support appellants' position.

One of the numerous conditions in the contract between the parties to this action was that appellants should procure Hodge as purchaser for the Grant

county orchard, which appellants were to convey to respondent. The purchaser Hodge was not able, apparently, to make a down payment, and he agreed to pay on the principal only one thousand dollars a year for five years. It must be presumed that appellants desired to make the contemplated exchange of properties with respondent. The bond, which they signed and which is here sued upon, provided directly for the possibility that Hodge might not make his payments, and that respondent might declare the contract between himself and Hodge forfeited. Appellants were interested in the closing of the deal, and their bond partakes more nearly of the nature of an original obligation than does the ordinary contract of guaranty; in other words, their bond was a part of the consideration for the executed contract of exchange between themselves and the respondent. Appellants did not guarantee the Hodge contract, but did guarantee that $3,000 on account of the principal would be paid thereon.

In the case of *Backus v. Feeks*, 71 Wash. 508, 129 Pac. 86, Ann. Cas. 1914C 553, a recovery was allowed upon a bond given to secure performance of an unacknowledged lease of real estate purporting to run for five years, the lessees having abandoned possession of the premises long prior to the termination of the term fixed thereby. The sureties being sued on the bond contended that the lease, being unacknowledged and for a term exceeding one year, was void and that therefore there could be no cause of action based upon the bond securing performance thereof. It was held that the essential question was, what was the intention of the parties, and that the lease, not being void, but voidable only, although not enforceable except as a lease from month to month, was sufficient to render

the sureties liable upon their bond, and a judgment against them was affirmed.

In the case at bar, from the allegations of respondent's complaint, the intention of the parties clearly appears and, in our opinion, respondent's amended complaint stated a cause of action against appellants. The trial court therefore did not err in overruling appellants' demurrer to respondent's amended complaint, and the judgment later entered against appellants upon their election to stand upon their demurrer was correct.

Judgment affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.