[No. 37874.    Department One.    January 6, 1966.]

FRUEHAUF TRAILER COMPANY OF CANADA LIMITED, *Appellant,* v. ALVORD LEROY CHANDLER *et al., Respondents.**

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *W. Paul Uhlmann,* for appellant.

*Torbenson, Thatcher, Stevenson & Burns,* by *Richard M. Thatcher,* for respondents.

OTT, J.—April 28, 1960, Fruehauf Trailer Company of Canada Limited (hereinafter referred to as Fruehauf) sold

*Reported in 409 P.2d 651.

upon conditional sale contract 12 trailer units to Pacific Inland Express Ltd. (hereinafter referred to as PIX) for $130,397.58. This contract resulted from the refinancing of a former agreement executed in 1959.

May 10, 1960, Alvord Leroy Chandler, Frank Howard Whiting, Robert Timothy Whiting, and W. D. Chandler (hereinafter referred to as the guarantors), being the principal stockholders of PIX, executed a separate instrument with Fruehauf partially guaranteeing the PIX obligation. The guaranty agreement contained, *inter alia,* the following provisions:

> Now THIS GUARANTEE WITNESSETH that in consideration of Fruehauf having executed an instrument of release of the guarantee hereinbefore mentioned, and of Fruehauf having consented to and executed an instrument of transfer of equity from Gill-Pix to PIX as aforesaid, the undersigned agree that in the event the transfer of equity is declared void by a court of competent jurisdiction and the guarantee herein is thereby rendered ineffective, to indemnify and save Fruehauf harmless from all and any loss up to a maximum sum of $13,000 Fruehauf may sustain directly or indirectly, by reason of having permitted the transfer of equity by Gill-Pix to PIX, and hereby guarantee the performance and payment by PIX of all its obligation under the transfer of equity with respect to the aforesaid Fruehauf trailer units to an amount equal to 10% of any unpaid balance at any time outstanding on the monies falling due by PIX under its assumption of the debt of Gill-Pix as provided in the said transfer of equity from Gill-Pix to PIX.
>
> If and whenever there shall be any breach on the part of PIX of any covenant on its part assumed under the said transfer of equity or in any modification thereof, the undersigned guarantors will, within 30 days after demand in writing by Fruehauf, pay to Fruehauf such sums as may then remain payable by PIX to Fruehauf under its obligation pursuant to the said transfer of equity or any modification thereof relating to the said units or any of them.
>
> *The liability of the undersigned* for performance of the above-mentioned terms *shall not be affected by any* indulgence, *compromise, settlement,* extension of credit or variation of terms granted by Fruehauf to PIX *or by*

*the discharge or release of any obligation of PIX* or any other person interested by operation of law or otherwise, nor by failure to file, record or register any Conditional Sale Contract or other instrument executed by PIX or Gill-Pix nor by the amount of PIX's obligations outstanding at any one time nor by payment previously made by PIX or the undersigned, nor shall it be necessary for Fruehauf to procure the consent of the undersigned or give any notice in reference thereto.

The undersigned hereby expressly waive and dispense with notice of acceptance of this guarantee, notices of non-payment and non-performance, notices of amount of indebtedness of PIX outstanding at any time, demands, foreclosure and possessory remedies.

This guarantee shall be a continuing guarantee and accordingly shall remain in full force and effect until the whole of the monies in respect of which PIX is obligated under the transfer of equity aforesaid shall have been fully paid and satisfied.

It is agreed that this guarantee may be enforced under the laws of the State of Washington or under the laws of the Province of British Columbia, and as against one or more of the undersigned as may be determined by Fruehauf.

The undersigned, insofar as they are now or hereafter shall be creditors of PIX, hereby acknowledge that their said indebtedness is hereby postponed to the indebtedness of PIX to Fruehauf aforesaid and any further or other obligations due or to become due for the payment of monies by PIX to Fruehauf. (Italics ours.)

May 20, 1960, PIX paid the first monthly installment in the sum of $2,414.77, and thereafter defaulted. August 29, 1960, Fruehauf made written demand to the guarantors for the payment of $12,798.28, the amount allegedly due in accordance with the terms of the guaranty agreement. Neither the guarantors nor PIX made any payment.

November 4, 1960, Fruehauf repossessed the 12 units from PIX, and thereafter discharged PIX from its liability on the conditional sale contract as having "been fully paid and satisfied."

Fruehauf commenced this action against the guarantors in the Superior Court for King County to recover the sum

of $12,758.28,[1] being 10 per cent of the alleged unpaid balance of the PIX contract at the time of PIX' default and Fruehauf's repossession of the 12 units. Fruehauf contended that the instrument of guaranty was an independent agreement to pay 10 per cent of the total contract price due it at the time of default by PIX.

The guarantors answered the complaint, contending, *inter alia,* that the agreement was one of guaranty only, and that a discharge of the principal obligation released the guarantors from their liability. During the trial, Fruehauf made an offer of proof to show that, by repossession and resale, it had suffered a loss of approximately $12,000. The offer of proof was rejected.

From a judgment of dismissal sustaining the contention of the guarantors, Fruehauf appeals.

There is no dispute as to the material facts, which are substantially as above indicated. Fruehauf concedes the general law in the state of Washington to be that, when the principal debt has been discharged, the guarantor is likewise relieved of liability. *Duke v. Benson,* 134 Wash. 495, 236 Pac. 77 (1925); *Jordan v. Peek,* 103 Wash. 94, 173 Pac. 726 (1918). Fruehauf contends, *inter alia,* that the guarantors contracted away the defense of the discharge of the principal obligation, and that the agreement expressly provided that, in the event of discharge or release of PIX' obligation to Fruehauf, the guarantors would pay up to 10 per cent of the Fruehauf loss. We agree with this contention.

The guaranty agreement was a legal and binding contract, based upon a valid consideration. The agreement, by its terms, expressly provided that the guarantors would pay 10 per cent of any unpaid balance due from PIX, and that this guaranty "shall not be affected by any . . . *compromise, settlement, . . . or by the discharge or release of any obligation of PIX.*" (Italics ours.)

In *Coughlin v. Smith,* 163 Wash. 290, 1 P.2d 215 (1931),

---

[1]The discrepancy of $40 between the amount pleaded in the complaint and the amount stated in the written demand is not explained.

the guarantor had guaranteed to pay a maximum of $1,000 in the event of default. The agreement was predicated upon a valuable consideration to the guarantor. At the time of default, the amount due was $835.97. The creditor had repossessed the property and the same defense was asserted there as is asserted here. In the cited case, we held:

> Appellant further contends that, Coughlin's obligation being only a guaranty to cure the defaults of the Andersons, the retaking of the possession of the property by the vendors, after the notice given by them, became a bar to any action on appellant's promise to pay. In support of that contention counsel cite a number of authorities such as *Jordan v. Peek,* 103 Wash. 94, 173 Pac. 726, and *Duke v. Benson,* 134 Wash. 495, 236 Pac. 77; and if the legal effect of Coughlin's obligation is the same as those of guarantors in those cases, counsel's contention must prevail. In each of those cases, a contract had been entered into between parties, one of whose promises to pay was guaranteed by the person sued after the primary contract had been terminated.
>
> In the present case, the contract of the appellant is more than that. It says that, for a valuable consideration, he "promises, agrees and guarantees." The contract here is two-fold, and provides for substantial rights and obligations with respect to each and all of the parties, all of whom sign, not any one of them by way of endorsement on the contract, but in form, manner, and substance as an original party to the contract.
>
> . . . . :
>
> This is an original undertaking for a consideration furnished by those for whose benefit it was made, and in which the purchasers of the real estate were in no way interested.

This language, and especially the portion we italicize, cannot be ignored or overlooked. If the vendors terminate their contract with the purchasers of the real estate, as they did by the notice given, Coughlin was still bound to pay a certain amount to the vendors. It is this provision in the contract that marks the distinction between this case and the cases of *Jordan v. Peek,* 103 Wash. 94, 173 Pac. 726, and *Duke v. Benson,* 134 Wash. 495, 236 Pac. 77, of which cases this court, in *Sterling v. Loudenback,* 155 Wash. 36, 283 Pac. 476, said:

> "In each case the guaranty sued upon was a part of the

contract which had been terminated, there being no other contract between the parties."

In each of those cases, the party sued had agreed only that he would guarantee payments to be made by the purchaser; when, therefore, the contract was cancelled by the vendor, who retook the property, nothing was left to be paid by either the purchaser or the guarantor—the whole contract was cancelled. And in this case, if Coughlin had simply guaranteed certain payments to be made by the Andersons, then, upon the termination by the vendors of the real estate contract, so far as the rights of the vendees were concerned, and possession of the property taken by the vendors, Coughlin would have been free; but such was not the case. There was another and further contract between him and the vendors, by which he agreed that, even if the vendors did terminate the contract with the purchasers of the real estate, he would, nevertheless, make certain payments mentioned that are involved in the present controversy.

The *Coughlin* case announces the rule that repossession and discharge of the original obligation is not a defense available to a third person who has expressly guaranteed to pay the creditor a fixed or determinable amount in the event of loss.

The guarantors concede that *Coughlin v. Smith, supra,* is the law in the state of Washington. They distinguish it from the case at bar by contending that the court, in the cited case, "made particular note of *the necessity of clear language* [in the guaranty agreement] to hold a guarantor of a conditional sale contract to payment of money when there had been repossession." (Italics ours.) The guarantors contend that "No such clear language appears" in the guaranty agreement in the case at bar. We do not agree.

In clear and unambiguous terms, the guaranty agreement waived the defense of release or discharge by providing that "The liability of the undersigned . . . shall not be affected . . . by the discharge or release of any obligation of PIX." We hold that the quoted provision of the agreement constituted a full and complete waiver by the guarantors of the defense that the principal obligation had been discharged.

The agreement provided that the maximum guarantee was $13,000, "in the event the transfer of equity is declared void by a court of competent jurisdiction and the guarantee herein is thereby rendered ineffective." In the absence of such an adjudication, the liability of the guarantors was fixed in an amount equal to 10 per cent of any unpaid balance resulting from any breach. The rejected offer of proof was "that the unpaid contract balance was approximately $12,000.00." Ten per cent of this amount is $1,200.

The judgment is reversed, and the cause remanded with instructions to grant a new trial limited to a determination of the unpaid balance of PIX' obligation to Fruehauf, and to enter judgment in accordance with the views herein expressed. Appellant will recover costs.

ROSELLINI, C. J., HUNTER and HALE, JJ., and COCHRAN, J. Pro. Tem., concur.