Argued March 14, affirmed May 16, 1974

SAILER ET UX, *Respondents, v.* LAND-
LIVESTOCK-RECREATION, INC., ET AL,
*Defendants,* SCOTT ET AL, *Appellants.*

522 P2d 214

*William B. Reisbick,* of Erlandson & Reisbick, Milwaukie, argued the cause for appellants.

*James C. Tait,* Oregon City, argued the cause for respondents. With him on the brief were George L. Hibbard, and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

Plaintiffs filed this suit to foreclose a mortgage given by the defendant Land-Livestock-Recreation, Inc. (hereinafter "LLR") on land formerly owned by defendant Jean Scott. The trial court entered a decree that plaintiffs' mortgage constituted a prior lien and that the mortgage be foreclosed and the property sold. Defendants Scott and Erlandson appeal.

Defendant Scott transferred a tract of land in Clackamas County to defendant LLR on November 4, 1968, in exchange for 70,000 shares of LLR stock and an $8,000 loan. The deed was recorded on November 6, 1968. Thereafter LLR, through its president Samuel Porter, executed a mortgage on the Scott property in favor of plaintiffs in return for a loan of $20,000.

Prior to the filing of this suit for foreclosure of the plaintiffs' mortgage, defendant Scott, through her attorney the defendant Erlandson, filed a suit to rescind the conveyance to LLR.

Defendant LLR defaulted on the mortgage payments to plaintiffs, and plaintiffs brought this suit to foreclose, naming, among others, Scott and Erlandson as defendants. As the other defendants have not appealed, we will refer to Scott and Erlandson as if they were the only defendants.

In their answer to plaintiffs' complaint, defendants alleged that the mortgage covered all or substantially all of the property and assets of LLR, and therefore the mortgage was invalid because it was not made in the regular course of business under the provisions of ORS 57.511. The answer also alleged the filing of the suit to rescind the Scott conveyance to LLR, and that both defendants claim an interest in the property "by virtue of a *lis pendens* lien."

In substance, ORS 57.511 provides that a mortgage of "all, or substantially all" of the property and assets of a corporation, "if not made in the usual or regular course of its business," may be made only if authorized in the following manner: the board of directors must adopt a resolution recommending the mortgage; the board must submit the action to a vote at a shareholders' meeting; and approval must be received from the holders of at least two-thirds of the outstanding shares of the corporation.

■ While this court has never construed this provision, it is generally held that this statute was enacted for the protection of shareholders, and that it is only they who can assert any rights to void mortgages which are covered by the statute. 58 ALR2d 784; 7 Fletcher, Cyclopedia Corporations 267, § 3119 (1964 ed). There is a split of authority concerning the issue of whether a mortgage given in noncompliance with

the statute is void or voidable. 7 Fletcher, supra at 267, § 3118.

The joint answer filed by defendant Scott and her attorney, defendant Erlandson, does not allege Scott's status as a shareholder, nor that less than two-thirds of the shareholders approved the mortgage. Also, it appears from the answer that defendants are asserting only creditors' claims by virtue of the *lis pendens* lien which they allege gives them priority over plaintiffs' mortgage. Also, the fact that defendant Erlandson, who was not a shareholder, joined in the answer would indicate that defendants do not claim invalidity of the mortgage as shareholders.

However, it is not necessary that we determine whether or not defendants may challenge the mortgage as shareholders because we conclude that the mortgage does comply with the provisions of ORS 57.511.

■ It is true that the mortgage did cover all, or substantially all, of the corporate assets because when the mortgage was executed, the assets of the corporation were the Scott land valued at $70,000, a "few" head of cattle, seven or nine horses, and equity of $8,000 in a contract to purchase other land. However, we believe that the mortgage was given in the usual or regular course of LLR business, and therefore was not subject to the requirements of ORS 57.511.

The parties have not cited any cases which define the term "usual and regular course of business" as used in ORS 57.511. It has been suggested that "if the purpose of the corporation be to market or deal in such property or assets" then the corporation in mortgaging the assets is acting in the usual and regu-

lar course of business. Spoerri, *Statutory Requirements for Authorization of Corporate Mortgage,* 18 Bus. Lawyer 731, 734 (1963).

The articles of incorporation of LLR state, *inter alia,* that the purpose of the corporation is "to establish, erect and operate all kinds of recreational, sportsman and amusement facilities and enterprises, and in connection therewith to buy, sell and lease real property." The defendants' brief concedes that the purpose of the LLR corporation was to "buy land, subdivide it, and re-sell it as lots or acreage."

It is a reasonable conclusion that mortgaging the Scott property was consistent with subdividing, developing, and selling parcels of the land. In order to develop the land for subdivision and sale, it is a matter of common business practice for the owner to mortgage the property in order to secure the necessary financing for the overall project.[1]

The defendants make the further contention on appeal that even if the mortgage was in the regular course of business, the mortgage was invalid because LLR did not comply with another statute, ORS 57.506,[2]

[1] Section 78, 2 Model Bus. Corp. Act 415 (2d ed 1971), which has been adopted by many states but not by Oregon, eliminates the requirement of shareholder approval for a mortgage, whether or not the mortgage was in the usual and regular course of business.

[2] ORS 57.506 provides:

"The sale, lease, exchange, mortgage, pledge or other disposition of all, or substantially all, the property and assets of a corporation, when made in the usual and regular course of the business of the corporation, may be made upon such terms and conditions and for such considerations, which may consist in whole or in part of money or property, real or personal, including shares of any other corporation, domestic or foreign, as shall be authorized by its board of directors; and in such case no authorization or consent of the shareholders shall be required."

which requires a mortgage of all, or substantially all, of a corporation's assets to be authorized by the board of directors.

■ The defendants did not raise the question of failure to comply with ORS 57.506 in the trial court, and we decline to consider it here. The defendants' answer specifically stated that the mortgage was void because it was not made in the regular course of business and therefore violated ORS 57.511. In defendants' counsel's opening statement to the court, he stated that the "thrust" of defendants' case would be a violation of ORS 57.511. Nowhere in the transcript did the defendants state any reliance upon a failure to comply with ORS 57.506, and it should not be considered for the first time in this court.

Affirmed.