Argued and submitted January 14,
reversed and remanded April 21, 1980

STATE ex rel STATE FORESTER,
*Appellant,*

*v.*

ESTREMADO, et al,
*Respondents.*

(No. 78-2981-L-2, CA 14582)

609 P2d 893

Jan P. Londahl, Assistant Attorney General, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

John W. Eads, Jr., Medford, argued the cause for respondents. With him on the brief was Frohnmayer, Deatherage, deSchweinitz & Eads, Medford.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

*Schwab, C.J., *vice* Lee, J., deceased.

**RICHARDSON, J.**

The state in this civil action contends that defendant[1] failed to make every reasonable effort to extinguish a forest fire and that, consequently, it is liable for the state's cost of abating the fire. ORS 477.066(1); ORS 477.068(1). At the close of the evidence in a trial to a jury, the court granted defendant's motion for directed verdict and entered judgment thereon. The state appeals, assigning as error the order directing a verdict for defendant.

A court should direct a verdict "only when there is a complete absence of proof on some essential issue, or when there is no conflict in the testimony and it is susceptible of only one construction." *Young v. Crown Zellerbach,* 244 Or 251, 259, 417 P2d 394 (1966); *see James v. Carnation Co.,* 278 Or 65, 69, 562 P2d 1192 (1977). In sum, a court should not direct a verdict for defendant if there is any evidence upon which a jury could find for plaintiff. *Hemstreet v. Spears,* 282 Or 439, 441, 579 P2d 229 (1978).

ORS 477.066(1) imposes a duty to fight forest fires. It provides:

> "*Each owner and operator of forest land on which a fire exists* or from which it may have spread, notwithstanding the origin or subsequent spread thereof, *shall make every reasonable effort to control and extinguish such fire* immediately when its existence comes to his knowledge, without awaiting instructions from the forester, and shall continue until the fire is extinguished." (Emphasis added.)

Subsection (1) of ORS 477.068 renders those who do not make "every reasonable effort" to fight a fire liable for the actual cost of controlling or extinguishing the fire.[2]

---

[1] Dan Estremado, an employee of defendant Estremado & Sons, was dismissed as an individual defendant at trial.

[2] ORS 477.068(1) provides:

> "In case an owner or operator fails to make the effort required by ORS 477.066, or is wilful, malicious or negligent in the origin of the

In construing the statutory duty to fight fires, the Supreme Court stated:

> "* * * '[T]he job' imposed by statute is to make every reasonable effort to extinguish a fire and that what constitutes every reasonable effort depends upon all of the circumstances. If, under all of the circumstances, a given amount of equipment and manpower was reasonably required of the *particular owner or operator,* he could not excuse himself for failure to *have or procure* the required amount. In a word, a timber owner or operator could not send a boy to do a man's job, and then claim that he had made every reasonable effort. * * *" (Emphasis in original.)

*State v. Gourley et al,* 209 Or 363, 388, 305 P2d 396, 306 P2d 1117 (1956). The question of whether an owner or operator made every reasonable effort to extinguish a fire is generally one of fact for the jury. *State v. Gourley et al, supra* at 374. In making this determination, the jury is entitled to consider all the circumstances which would have influenced a reasonable person in determining what he should have done to fully comply with the law.

With these principles of law in mind, we turn to the facts of this case. We view the facts and the inferences to be drawn therefrom in a light most favorable to the state, the party against whom the directed verdict was granted. *Young v. Crown Zellerbach, supra.* However, we note that there was little dispute at trial regarding the facts.

---

fire, the actual cost incurred by the forester or a forest protective association or agency in controlling or extinguishing the fire shall be paid by the owner or operator within 90 days after the date on which the first written demand for payment of the actual cost is mailed by the State Forester to the owner or operator. If the actual cost is not paid within such 90-day period, the actual cost may be recovered from such owner or operator by an action prosecuted in the name of the State of Oregon, or such forest protective association or agency, or both. In any such action, recovery for the plaintiff shall include, in addition to the amount of the actual cost, interest on such amount at the rate of six percent per year from the date on which the first written demand for the payment of the actual cost was mailed by the State Forester."

On September 22, 1975, defendant was conducting a logging operation on forest land. Defendant was the only operator working in the area, and it had a four-man crew on the job. Besides logging machinery, the crew was equipped with a water wagon (pumper), fire cans, shovels and axes. The crew had access to a rock crusher and a D-8 caterpillar tractor, located approximately five miles from the logging site. Defendant also had caterpillar tractors and one or two employees stationed at its shop, some 35-40 miles from the job site.

While driving a log loader at about 1 p.m., Estremado, an employee of defendant, noticed a fire about 250 feet behind him. Although there was a small fire extinguisher on the loader, he believed it was inadequate for the size of the fire; he therefore attempted to extinguish the fire with the use of a shovel.

After five minutes he ran one-half mile to get the other three crewmen, and together they attempted to extinguish the fire by digging fire lines and spraying water from the pumper. Approximately 25 minutes after he first noticed the fire, Estremado instructed one of the crewmen to radio the State Forestry Department. Shortly thereafter, Estremado radioed his home base and informed them that there was a fire burning out of control.

Approximately 30 minutes after being radioed by Estremado's crewman, a Forestry Department team of ten firefighters and two two-man pumper crews arrived. Thereafter, Estremado was sent by a Department official to get the nearby caterpillar tractor. About midafternoon, the Forestry Department dropped two loads of fire retardant from fixed wing aircraft. Without these drops, additional men and equipment would have been required to fight the fire. Defendant's crew and the Department personnel continued fighting the fire until that evening when the

fire was contained. Defendant, however, made no attempt during the day to muster additional men or equipment for firefighting.

There was some dispute in the testimony regarding whether defendant refused a Forestry Department request to provide a night crew to stand fire watch, or whether the Department willingly agreed to provide the watch because it had the manpower, knowledge and equipment more effectively to handle the job.

Both Department officials who had been at the scene testified that defendant had insufficient men and equipment to control the fire. However, one of the officials testified that defendant's four-man crew cooperated fully with the Department and "use[d] everything they had" to combat the fire. The other official testified as follows:

"Q   At the time that you arrived, Mr. Smets, was it your opinion that Estremado & Sons had made a reasonable initial attack on the fire?

"A   Because there was no more men there, and they used all there was, they made the attack that they could.

"Q   My question was whether under the circumstances they made a reasonable initial attack?

"A   It was reasonable for what was available."

The testimony of these officials, together with the other evidence, does not establish as a matter of law that defendant met its statutory duty.

Although in the present case there is little dispute as to the facts, differing conclusions may reasonably be drawn therefrom. The jury could have concluded that despite the Department's presence at the scene, defendant should have had available or procured additional men and equipment to fight the fire that was burning out of control, or should have differently deployed its available men and equipment. *State v. Gourley et al, supra.* Therefore, the case should have been submitted to the jury.

Reversed and remanded.