Argued and submitted November 12, 1986, reversed and remanded January 28, 1987

LEIBRECHT,
*Appellant,*

*v.*

HAWKINS,
*Defendant,*

*and*

HAWKINS,
*Respondent.*

(84-7-60; CA A37717)

731 P2d 1057

Robert N. Snee, Portland, argued the cause and filed the brief for appellant.

A. Gregory McKenzie, Oregon City, argued the cause for respondent. With him on the brief was Canning, Tait & McKenzie, P.C., Oregon City.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff appeals from a directed verdict, contending that sufficient evidence was introduced at trial to create a jury question regarding defendant's alleged conversion of plaintiff's parachute. We agree and reverse.

A trial court should direct a verdict only when reasonable people can draw but one conclusion from the evidence presented. *James v. Carnation Co.,* 278 Or 65, 69, 562 P2d 1192 (1977); *Banks v. Martin,* 78 Or App 550, 553-54, 717 P2d 1192 (1986). In determining whether the trial court erred in directing a verdict for defendant, we review the evidence in the light most favorable to plaintiff. *James v. Carnation Co., supra,* 278 Or at 67. Plaintiff is entitled to the benefit of every reasonable inference which may be drawn from the evidence. *Foster v. Schnell Refrigeration Co.,* 280 Or 411, 414, 571 P2d 497 (1977); *State ex rel State Forester v. Estremado,* 45 Or App 967, 970, 609 P2d 893 (1980). In this light, there is evidence to establish the following facts.

Plaintiff, while participating in skydiving activities with two other jumpers, experienced a malfunction in his main parachute. In order to land safely, he disconnected his main parachute and used his reserve parachute. His main parachute landed on property owned by defendant. Both plaintiff and a fellow jumper attempted to retrieve the parachute. Both were prevented from entering defendant's land by defendant's father. While in the area, the fellow jumper saw an unidentified man who was 28 to 30 years of age. Defendant is 56.

Defendant telephoned the Clackamas County Sheriff's office and reported finding the parachute. He said that he did not know whom it belonged to and commented that he might cut it up for kites for his grandchildren. Plaintiff also contacted the sheriff's office. He reported that his parachute had fallen on defendant's property and stated that he had been unsuccessful in getting permission to retrieve it. After plaintiff's call, a deputy was dispatched to the air park and briefly spoke to plaintiff. He then went to defendant's residence to investigate. In response to the deputy's questions, defendant first denied having the parachute. Upon further questioning, he admitted having the parachute and said that it was in his shed. When asked to retrieve it, he replied that someone had taken it.

■ A conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Mustola v. Toddy,* 253 Or 658, 663, 456 P2d 1004 (1969) (*quoting* Restatement (Second) Torts § 222A(1) (1965)); *Hemstreet v. Spears,* 282 Or 439, 444, 579 P2d 229 (1978). When a defendant acquires possession of the chattel lawfully, as in this case, a conversion may result upon the refusal to redeliver the chattel on demand by the owner. *Jeffries v. Pankow,* 112 Or 439, 446, 223 P 745, 229 P 903 (1924); *Oregon Bank v. Fox,* 73 Or App 612, 617, 699 P2d 1147 (1985).

It is undisputed that defendant had possession of the parachute, that he failed to redeliver it when the deputy, on plaintiff's behalf, demanded its return and that plaintiff never reacquired possession. The jury was entitled to believe or not to believe the defendant's claim that someone had removed the parachute from his shed and that he no longer had it.

■ ■ Defendant contends, however, that, because plaintiff's evidence of defendant's intent to convert is circumstantial, plaintiff must "negative all rival inferences suggested by the evidence which are consistent with the defendant's nonliability." *See Ehler et ux v. Portland Gas & Coke Co.,* 223 Or 28, 352 P2d 1101, 353 P2d 864 (1960); *cf. James v. Carnation Co., supra,* 278 Or at 70 (not necessary that plaintiff offer evidence eliminating all possible causes of an accident not involving defendant's negligence). We disagree. Although the court in *Ehler* quoted the rule proposed by defendant, the court's holding was not so strict. The court held:

> "Under the circumstances there was such a strong probability that plaintiffs' version of this holocaust is correct that we feel that the other possibilities have been excluded, *at least to the point that we cannot say that a jury of reasonable persons would have decided the other way.*" 223 Or at 44. (Emphasis supplied.)

Accordingly, under the rule actually applied by the court in *Ehler,* plaintiff here produced sufficient evidence, when viewed in the light most favorable to him, to present a jury question.

■ Plaintiff also assigns as error the court's exclusion of his argument concerning defendant's statutory duties as a finder of property. We conclude that those duties are irrelevant to plaintiff's conversion claim and, therefore, the argument was properly excluded.

Plaintiff's other assignments of error have no merit.

Reversed and remanded.