Argued and submitted February 2, reversed and remanded July 22, reconsideration allowed by opinion October 28, 1987
See 88 Or App 141 (1987)
Petition for review denied December 30, 1987 (304 Or 680)

NAAS et al,
*Appellants,*

*v.*

LUCAS,
*Respondent.*

(146,298; CA A38107)

739 P2d 1051

Dale L. Crandall, Salem, argued the cause and filed the briefs for appellants.

R. Craig McMillin, Salem, argued the cause for respondent. With him on the brief was Mills & McMillin, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiffs[1] allege that defendant, as an officer and director of USLS, breached his fiduciary duties to USLS and violated ORS 57.265 and ORS 57.511 by distributing, without authorization, USLS' assets to a company in which he had a financial interest and to himself. Plaintiffs alternatively allege that defendant converted those assets. At the close of all the evidence, the trial court granted defendant's motion for a directed verdict on the conversion claim. The jury returned a verdict for defendant on the other claims. Plaintiffs appeal, assigning error to the denial of their motions for directed verdict on the conversion and breach of fiduciary duty claims.[2] We reverse.

The material facts are not in dispute. Defendant was a minority shareholder, a director and the president of USLS at all relevant times. He also ran the day-to-day affairs of the business. Without informing the other directors and shareholders of USLS, and without a vote of those directors or shareholders, defendant transferred all the lumber inventory of USLS to the Lucas Plywood and Lumber Company (Lucas), a corporation in which he and his wife were the sole shareholders. The inventory had a value of $93,274.91, and it was substantially all of the USLS assets, other than receivables due from past sales. Defendant later transferred $7,575.59 from a USLS checking account to his own account, again without informing the other directors and shareholders or taking a vote.

We first address plaintiffs' conversion claim. The directed verdict was proper only if there was a complete absence of proof that defendant converted the assets of USLS or if there was no conflict in the evidence and it was capable of only one construction. *See City of Rogue River v. DeBoer,* 288 Or 485, 488, 605 P2d 697 (1980).

■ Conversion is the intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another that the actor may justly be required to pay

---

[1] Plaintiff U.S. Lumber Sales, Inc. (USLS) is an Oregon corporation. Plaintiffs Naas, Struder and Lady are shareholders of USLS.

[2] Because of our decision on these issues, we do not address plaintiffs' other assignments of error.

the full value of the chattel. *Oregon Bank v. Fox,* 73 Or App 612, 615, 699 P2d 1147 (1985). Bad faith is not required; the gravamen of the tort is the defendant's intent to exercise control over the chattel inconsistently with the plaintiff's rights. *See Lee Wood Products v. Credit Union,* 275 Or 445, 551 P2d 446 (1976). It is no defense that the assets were converted to satisfy a debt. *Hemstreet v. Spears,* 282 Or 439, 444, 579 P2d 229 (1978); *see Reagan v. Certified Realty Co.,* 47 Or App 35, 613 P2d 1075, *rev den* 289 Or 741 (1980).

Plaintiffs contend that defendant transferred the inventory and the funds from the checking account without the authority required by ORS 57.511 and that he thereby converted those assets. ORS 57.511 provides, in pertinent part:

> "A sale, lease, exchange, mortgage, pledge or other disposition of all, or substantially all, the property and assets, with or without the good will, of a corporation, if not made in the usual and regular course of its business, may be made upon such terms and conditions and for such consideration, which may consist in whole or in part of money or property, real or personal, including shares of any other corporation, domestic or foreign, as may be authorized in the following manner: .

> "(1)   The board of directors shall adopt a resolution recommending such sale, lease, exchange, mortgage, pledge or other disposition and directing the submission thereof to a vote at a meeting of shareholders, which may be either an annual or a special meeting."

The Supreme Court has held, pursuant to that statute, that disposition of all, or substantially all, of a corporation's assets, other than in the regular course of its business,

> "may be made *only* if authorized in the following manner: the board of directors *must* adopt a resolution recommending the [disposition]; the board *must* submit the action to a vote at a shareholders' meeting; and approval *must* be received from the holders of at least two-thirds of the outstanding shares of the corporation." *Sailer v. Land-Livestock-Rec., Inc.,* 268 Or 531, 533, 522 P2d 214 (1974). (Emphasis supplied.)[3]

Defendant admitted at trial that he alone decided to transfer both the inventory and the funds in the corporate

---

[3] ORS 57.511 has since been amended to require only a majority vote of the outstanding shares of the corporation. Or Laws 1975, ch 490, § 25.

checking account and that they were substantially all of USLS' assets. He has admitted, and we hold, that he did not meet the requirements of ORS 57.511.

■■ ORS 57.265 is also relevant. It provides, in pertinent part:

"(1) No contract or other transaction between a corporation and one or more of its directors or any other corporation, firm, association or entity in which one or more of its directors are directors or officers or are financially interested, shall be either void or voidable because of such relationship or interest or because such director or directors are present at the meeting of the board of directors or a committee thereof which authorizes, approves or ratifies such contract or transaction or because the votes are counted for such purpose, if:

"(a) The fact of such relationship or interest is disclosed or known to the board of directors or committee which authorizes, approves or ratifies the contract or transaction by a vote or consent sufficient for the purpose without counting the votes or consents of such interested directors; or

"(b) The fact of such relationship or interest is disclosed or known to the shareholders entitled to vote and they authorize, approve or ratify such contract or transaction by vote or written consent; or

"(c) The contract or transaction is fair and reasonable to the corporation."

That statute makes valid a transaction between a corporation and another entity in which the corporation's directors or officers have a financial interest, even when it has not been approved by a disinterested board or ratified by the stockholders, so long as the transaction is fair and reasonable to the corporation. Defendant has the burden of proving the fairness and reasonableness of the transaction. See American Timber v. Niedermeyer, 276 Or 1135, 1147, 558 P2d 1211 (1976). He argues that, because he was paying "a legitimate business debt in his normal capacity as President and manager in charge of running the day-to-day activities of [USLS]," the transfer of inventory was fair and reasonable to USLS. However, analysis of that "debt" and the transfer of inventory in light of the evidence at trial shows that it was manifestly unfair to the corporation and its other stockholders. There is no evidentiary support for another conclusion.

■ Defendant's own testimony reveals that he created the "debt" owed by USLS to Lucas specifically to enable him to transfer the inventory to Lucas. The "debt" was a one-time billing of USLS by Lucas for rental of office space and fees for accounting services for the previous 43 months. Defendant and plaintiffs testified that he had previously agreed not to charge USLS for rent. We cannot comprehend how the creation and payment of that "debt" under those circumstances could be "fair and reasonable" to USLS, especially when the transfer involved substantially all of its assets. The evidence could not support a finding that defendant met his burden of proving that the transfer of inventory was "fair and reasonable to the corporation." The transfer therefore was made in violation of ORS 57.265.[4]

■ By transferring the inventory and the corporate funds in violation of ORS 57.511 and ORS 57.265, defendant converted those assets. There is no evidence to the contrary. The trial court therefore erred in directing a verdict for defendant and in not directing a verdict for plaintiffs on the conversion claim.

■ Plaintiffs also contend that the trial court erred in denying their motion for a directed verdict in their favor on the breach of fiduciary duty claim.[5] In reviewing that contention, we examine the facts to determine whether there was sufficient evidence from which, if believed, a reasonable jury could reach a verdict against plaintiffs. *Dept. of Forestry v. Jepson & Sons Logging Co.,* 64 Or App 390, 397, 668 P2d 461, *rev den* 295 Or 841 (1983). The evidence is undisputed that defendant violated ORS 57.511 and ORS 57.265 by transferring the inventory to Lucas, and the corporate funds to himself. Because that establishes, as a matter of law, that defendant breached his fiduciary duty to USLS and that those transfers are void, *see American Timber v. Niedermeyer, supra,* plaintiffs were entitled to a directed verdict on that

---

[4] Defendant does not argue that the transfer of funds from USLS' account to his own was "fair and reasonable" to USLS, and he does not contend that it was approved by a disinterested board or ratified by the shareholders. That transfer, therefore, was also in violation of ORS 57.265.

[5] No party apparently objected to the submission of the equitable claim to the jury after the court had denied plaintiffs' motion for directed verdict on that claim.

claim, too. There being no issue as to the amounts of plaintiffs' damages, the court should have entered judgment for them.

Reversed and remanded with instructions to enter judgment for plaintiffs.