Submitted on record and briefs January 14, reversed and remanded May 25, 1994

Agnes COTTLE,
*Appellant,*

*v.*

Ruby HAYES,
Steven Hayes,
*Defendants,*

*and*

Richard AUTERSON,
*Respondent.*

(92P-1073; CA A76504)

875 P2d 493

Agnes Cottle filed the briefs *pro se.*

Stephen F. Mannenbach filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a summary judgment for defendant.[1] ORCP 47. She argues that a genuine issue of material fact exists as to defendant's liability for conversion and, therefore, summary judgment is precluded. We review the summary judgment record in the light most favorable to plaintiff to determine whether defendant was entitled to judgment as a matter of law, *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1979), and reverse.

Plaintiff alleges that she entered into an agreement with the Hayeses in October, 1990, under which the Hayeses agreed to board eight of plaintiff's horses for a fee, and that thereafter, the Hayeses recorded a possessory lien under ORS chapter 87 in the amount of $506. Thereafter, on November 13, 1991, the Hayeses posted a notice of foreclosure sale to occur on December 14, 1991. A second notice of foreclosure sale to occur on December 13, 1991, was "delivered" to plaintiff on or about December 5, 1991.[2] The complaint then alleges that on or before December 13, 1991, defendant bid on seven of the horses and purchased them from the Hayeses. Plaintiff does not allege that she made a tender of monies to pay the charges that she owed to the Hayeses before the sale.

As the basis for her conversion claim, plaintiff alleges:

"5.

"* * * * *

"At said time, defendants Ruby Hayes and Steven Hayes sold plaintiff's horses without authority from plaintiff and despite plaintiff's objection, and thereby converted said horses to defendants' own use, to plaintiff's damage in the sum of $8,000.

"6.

"On or about December 13, 199[1], defendant Richard Auterson took possession of seven of [plaintiff's] horses knowing that defendants Ruby Hayes and Steven Hayes had no right to sell said horses, and thereby converted the same to his own use, to plaintiff's damage in the sum of $8,000."

---

[1] Our reference to defendant is to Richard Auterson only. Defendants Ruby and Steven Hayes are not parties to this appeal.

[2] According to plaintiff, this notice was left on the steering wheel of her truck.

To maintain a claim in conversion, plaintiff must allege and prove that defendant intentionally exercised control over her horses in a manner that so seriously interfered with plaintiff's ownership that defendant may be justly required to pay their full value. *See Naas v. Lucas*, 86 Or App 406, 408, 739 P2d 1051, *mod* 88 Or App 141, 744 P2d 586, *rev den* 304 Or 680 (1987). The rights of the parties in this case are controlled by ORS chapter 72, which applies to the sale of goods. "Goods" are defined as "all things * * * which are movable at the time of identification to the contract for sale." ORS 72.1050. Under this definition, horses are "goods." Regarding the rights of a purchaser of goods, ORS 72.4030(1) provides, in part:

> "A purchaser of goods acquires all title which the transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with *voidable title* has power to transfer a good title to a good faith purchaser for value." (Emphasis supplied.)

Defendant argues that he is entitled to judgment as a matter of law, because there are no genuine issues of material fact about whether he was a good faith purchaser for value who obtained title before receiving notice of any impropriety about the sale, and because plaintiff had no right to immediate possession of the horses at the time of the sale. Plaintiff argues that the sale was unlawful, because it did not comply with the requirements of ORS chapter 87, and that defendant was aware of the claim of irregularity at the time of the purchase. The trial court granted the motion for summary judgment without explaining its reasoning.

A party moving for summary judgment must demonstrate that there are no material factual issues regarding any of the issues raised by the pleadings. *Kutbi v. Thunderloin Enterprises*, 73 Or App 458, 698 P2d 1044, *rev den* 299 Or 584 (1985). Plaintiff has raised issues about the propriety of the sale and the validity of the Hayeses' title by alleging in her complaint that the Hayeses "had no right to sell said horses."[3] Therefore, to

---

[3] For instance, ORS 87.192(1)(a) requires that before a lien created by ORS 87.152 to ORS 87.162 is foreclosed on by sale, the lien claimant shall give notice of the foreclosure sale to the lien debtor by registered or certified mail. The notice must be given at least 30 days before the sale. According to plaintiff's complaint, notice of the sale on December 13, 1991, was delivered to her on December 6, 1991. We do not decide whether the sale complied with the statutory requirements and whether, as a

prevail on summary judgment, defendant must demonstrate that the Hayeses had at least voidable title when they conveyed the horses to him. ORS 72.4030(1). Defendant offered no evidence about the Hayeses' compliance with the requirements of ORS 87.152 *et seq* regarding the foreclosure of the lien that could have transferred title to the horses to the Hayeses.[4] In the absence of evidence that the Hayeses had *any* title that could be transferred to defendant, defendant is not entitled to summary judgment even if he purchased the horses for consideration and without any knowledge of plaintiff's claim that the sale was defective. *See Tulloch v. Cockrum*, 115 Or 601, 236 P 1045 (1925).

■      Defendant argues in the alternative that plaintiff cannot prevail on her action in conversion, because she did not tender payment for the charges she owed and, therefore, she had no right to immediate possession of the horses at the time of the sale. He relies on *Artman v. Ray*, 263 Or 529, 501 P2d 63 (1972). That case stands for the general proposition that a person must be entitled to immediate possession of a chattel before that person can successfully contend that the actor's failure to yield possession constitutes conversion. Here, plaintiff had the legal right to tender the monies owed up to the moment that a legally proper sale occurred. Because there is a question about whether the sale was held prematurely, plaintiff may have been deprived of the complete opportunity to make a tender. The trial court erred when it granted summary judgment to defendant on this record.

Reversed and remanded.

---

result, the Hayeses had at least voidable title to convey to defendant because the parties did not litigate those issues in the summary judgment motion.

[4] At the hearing on defendant's motion, the trial judge asked defendant about the legal effect of the fact that the foreclosure sale took place a day earlier than the day stated in the posted notice of sale. Defendant responded,

"I think the main position we're taking with the Court is, *even assuming that [the sale] somehow deviated from ORS [chapter] 87*, I believe that at this point in time the fact that * * * the plaintiff was not entitled to immediate possession, does not allow her to * * * sustain a conversion claim against my client because she did not tender the full amount owed at or after the time of the sale to the plaintiff." (Emphasis supplied.)