Argued November 8, affirmed November 22, 1977

# FOSTER, *Appellant,*
*v.*
# SCHNELL REFRIGERATION CO., *Respondent.*
## (TC 417-397, SC 25146)
571 P2d 497

William G. Whitney, Portland, argued the cause and submitted a brief for appellant.

Gerald R. Hayes, Portland, argued the cause and submitted a brief for respondent.

[ 411 ]

Before Holman, Presiding Justice, Howell and Lent, Justices, and Gillette, Justice Pro Tempore.

LENT, J.

## LENT, J.

This is an action for damages for personal injuries allegedly resulting from negligence of defendant. After plaintiff rested, defendant, without adducing further evidence, rested and moved for a directed verdict "on insufficiency of proof." The motion was allowed, and plaintiff appeals from the resulting judgment for defendant.[1] We affirm.

In her complaint plaintiff alleged four specifications of negligence. In her written argument in her brief and upon oral argument she did not discuss any evidence to support submission to the jury of any of the first three charges. Her counsel declined, however, to concede her abandonment of those specifications. Suffice it to say, we have examined the record and can find no evidence to require submission of any of the three to the jury. Her fourth specification is:

> "In failing to warn the plaintiff of the dangerous conditions existing in Bale's Thriftway Store's refrigerated meat unit."

We note a threshold question as to whether either under the complaint or the evidence defendant was under any duty to give plaintiff any warning. Plaintiff does not urge that defendant should have warned her personally. Rather, she contends that defendant failed to warn the operator of the store of the condition which she asserts produced the smoke mentioned hereafter. We need not decide the threshold question, however, for the defendant's position is that the evidence is insufficient, as a matter of law, to establish either a failure to warn or an inadequate warning to Bale's.

The sole issue on appeal, therefore, is whether there was sufficient evidence to submit to the jury the issue of adequate warning by defendant to Bale's.

---

[1] There is no form of verdict in the trial court file. ORS 19.005(3) and 19.029(1)(d). The transcript does not reflect that the jury was ever actually directed to return a verdict for defendant. The plaintiff makes no point of this, however, and we therefore needn't consider the effect of the omission.

[ 413 ]

The pleadings establish that on September 7, 1972, defendant's employe did repair work upon a refrigerated meat case in Bale's store, that plaintiff was a "business invitee"[2] of Bale's later that day, and that while leaning over the meat case she was "enveloped by a white, hot fog of smoke escaping from" the meat case.

■ It is elementary that in determining whether the trial court erred in directing the verdict for defendant, we must view the evidence in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference which may be drawn from the evidence. In that light there is evidence to establish the following facts.

■ The operator of the store called defendant on the day in question to repair the refrigeration unit for the case in which meat was displayed to the customers of the store. It appeared that the drain had become clogged, causing water to accumulate and thereby short out the wiring to electric fan motors which circulated air in the refrigeration process. Defendant's employe unclogged the drain and repaired the motors for the electric fans. During normal use of the refrigeration unit the coils would become iced up, requiring de-icing. This was accomplished by a heating rod being turned on. Hot air produced by this rod would then be blown against the refrigeration coils to accomplish the de-icing. The heating rod would attain temperatures sufficient to cause material such as animal fat to smoke.

Defendant's employe was aware that there was an accumulation of material on and in the vicinity of the heating rod. When defendant's employe completed his repair work, he notified Bale's manager that the case should be cleaned of such accumulated material. Defendant's employe inquired whether the manager wanted defendant's employe to clean the case. The manager refused to permit that, because he could clean it more cheaply using store personnel.

[2] *Compare* 2 Restatement (Second) of Torts, § 332 (1965).

On the invoice for the work performed by defendant, and given to Bale's manager following that conversation, defendant's employe wrote, "Note, case should be cleaned and washed."

A reasonable inference is that the fog of smoke which enveloped plaintiff when leaning over the case came from something smoldering or burning on the heating rod.

Plaintiff called as her witness the operator of another refrigerator service company, who had 29 years' experience in doing the kind of work which defendant's employe had done for Bale's on the day in question. This expert testified that it is a simple and quick procedure to clean the heating rod and that he personally sometimes performs such cleaning service himself when conducting repairs and that sometimes it was done by store personnel. He testified that he was unaware of any general practice or standard in the community with respect to whether the service repairman should clean the area. He was able to testify only to his own procedure and that he would not personally clean the heating rod if the store operator objected.

He further testified that if he had noticed a heating rod covered with "tallow or in an extremely dirty situation" he would warn the operator of the store that such condition could cause a fire. In warning the store operator, he "would spell it out in detail." He concluded his testimony by stating that the written note made by defendant's employe on the invoice would be sufficient to give the store operator proper warning.

Since plaintiff's own evidence established that defendant's employe had neither right nor duty to clean up the accumulated material against the orders of Bale's manager and that the words on the invoice were sufficient to give adequate warning to Bale's, the trial judge did not err in taking the case from the jury.

Affirmed.