Argued and submitted February 19, affirmed October 29, 1986

# FEDERAL DEPOSIT INSURANCE CORPORATION,
*Respondent,*

*v.*

## DAVIS et al,
*Defendants,*

## NELSON,
*Appellant.*

(83-10-386; CA A33611)

727 P2d 133

Sharon Kelly, Portland, argued the cause for appellant. With her on the briefs were Ralph A. Nelson, and Nelson & Simpson, P.C., Portland.

Jeffrey R. Spere, Portland, argued the cause for respondent. With him on the brief were Kathleen A. Dodds, and Sussman, Shank, Wapnick, Caplan & Stiles, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

This is an appeal from a foreclosure judgment obtained as a summary judgment by the Federal Deposit Insurance Corporation (FDIC), acting as receiver of Columbia Pacific Bank & Trust Company (Bank). FDIC was appointed receiver after the Oregon Superintendent of Banks determined that Bank was insolvent.[1]

FDIC seeks to foreclose a first mortgage dated August 2, 1982, and recorded September 2, 1982, that secured repayment of a promissory note, also dated August 2, 1982, in the face amount of $172,794.74. The note and mortgage were both executed by defendant Davis, who did not appear and against whom a default judgment was taken. Nelson was the only defendant who did appear. He asserted that he was the holder of a trust deed given by Davis on the same property, which was recorded December 30, 1982. He claimed that the trust deed was superior to Bank's mortgage. He raised three affirmative defenses: (1) Bank took its mortgage with knowledge of his superior interest; (2) Davis's note to bank contained a mistake, in that it should have been for only $25,000; and (3) Davis received only $25,000 as consideration for that note.

FDIC moved for summary judgment on the bases that the recording statute gives priority to Bank's mortgage, which was recorded before the trust deed; that Davis's note and mortgage are unambiguous and are not subject to modification by extrinsic evidence; and that, in any event, FDIC is protected from appellant's claim as a matter of federal law and public policy.

On April 21, 1977, appellant loaned $28,000 to Leisure Resources, Inc., for it to use to acquire the real property now sought to be foreclosed against. Leisure Resources promised to give Nelson a first encumbrance on the property, but

---

[1] We take the facts mainly from FDIC's brief. We note, however, that that statement is in turn based in large part on an affidavit by Davis, which apparently was submitted by Nelson in resisting the motion for summary judgment. That affidavit does not appear in the record of this case. Nevertheless, we find nothing in Nelson's briefs to challenge FDIC's statement of facts, insofar as it provides the relevant background for the issues. We note below two matters of fact which may be in dispute and which could depend on the truth of Davis' statements. Neither of those disputes bears on the validity of the summary judgment.

apparently no trust deed was[2] executed until December 30, 1982, over five years after the loan purportedly secured by the trust deed was made and over three months after Bank had recorded its mortgage on the property.

In January, 1979, Leisure Resources transferred the property to Davis, who at various times had borrowed money from Bank. One outstanding loan was for $25,000, secured by a fourth trust deed on Davis's personal residence. The president of Bank requested substitute security, so Bank prepared and Davis executed the mortgage which is the subject of this action. Davis may have told Bank's president about a supposed encumbrance held by Nelson.[3] The amount secured was the total of several loans Bank had made to Davis. The mortgage contained a warranty that Davis "has a valid unencumbered title" to the property. It was signed on August 2, 1982, and recorded on September 2, 1982, almost four months before the execution and recording of defendant's trust deed.

Appellant relies on ORS 93.640,[4] which determines the priority between encumbrances on real property. He asserts that, if he is able to prove that Bank had notice of the "prior interest" which he purports to have, that interest would have priority over Bank's mortgage.

■■ Indubitably, a party cannot be a subsequent purchaser in good faith if it has actual or imputed knowledge of a prior unrecorded interest at the time of its purported purchase. *Willis v. Stager,* 257 Or 608, 481 P2d 78 (1971). That proposition begs the issue in this case. ORS 93.020(1) provides, in relevant part:

---

[2] As stated in n 1, *supra,* Davis's affidavit is not in the record. It is contained in Nelson's abstract of record. Despite Nelson's vehement assertions to the contrary, the affidavit cannot fairly be read to contain an assertion that *any* trust deed had *ever* been executed by Leisure Resources or by Davis *before December, 1982.*

[3] The only basis for saying that Davis did so is his non-record affidavit. *See* nn 1 and 2, *supra.*

[4] ORS 93.640(1) provides in part:

"Every conveyance, deed, land sale contract or other agreement or memorandum thereof affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance, deed, land sale contract or other agreement or memorandum thereof is first filed for record, and as against the heirs and assigns of such subsequent purchaser."

"*No* estate or *interest in real property* * * * can be *created, transferred or declared* otherwise than by operation of law or by a conveyance or other instrument *in writing,* subscribed by the party creating, transferring or declaring it * * *." (Emphasis supplied.)

In order for the *bona fide* purchaser rule to work, there must be an interest for it to protect. As was said in *Tucker v. Ottenheimer,* 46 Or 585, 590, 81 P 360 (1905):

"There is no [claim of an] agreement for a mortgage * * *, and part performance in pursuance thereof. The [claimed] agreement is direct and explicit * * * and itself constitutes the lien, or else there is none. The condition is the same as if one party had attempted by purely verbal arrangement to create a mortgage in favor of another upon realty for the security of a sum loaned. Could the agreement be enforced, not having been entered into in writing? A mere statement of the proposition shows it so clearly to come within the [S]tatute of [F]rauds that it is scarcely necessary to dilate upon the subject. Were such a transaction tantamount to an equitable mortgage, the formal written mortgage would not at all be necessary, and the [S]tatute of [F]rauds, as it relates to mortgages of realty, would be a dead letter. A mortgage is in form a conveyance * * *. And it should be in writing, and executed with like formalities as a deed; and to permit a debt to be charged upon realty as a lien by verbal agreement would be evasive of the statute."

Nothing in the record on summary judgment would permit the conclusion that, when Bank took the note and mortgage, there was anything more than a bare agreement by Leisure Resources to give Nelson a trust deed.[5]

Affirmed.

---

[5] Leisure Resources did not transfer the property to Davis until January, 1979. Nelson alleges that Davis agreed to take the property subject to his interest. There is no allegation that Leisure Resources, rather than Davis, ever executed a mortgage.