Argued and submitted March 12, affirmed September 12, 1990

Michael CALHOUN,
*Appellant,*

*v.*

Steven T. HIGGINS,
*Respondent.*

(A8806-03294; CA A61193)

797 P2d 404

Margaret H. Leek Leiberan, Portland, argued the cause for appellant. With her on the brief was Roger C. Germundson, Gresham.

No appearance for respondent.

Before Graber, Presiding Judge pro tempore, and Warren and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiff sought a judgment declaring a September 15, 1986, assignment to him to be valid and enforceable. The court allowed defendant's motion for a directed verdict under ORCP 60.[1] Plaintiff appeals from the resulting judgment.[2] We affirm.

We view all of the admissible evidence in the light most favorable to plaintiff, who is entitled to the benefit of every reasonable inference that may be drawn from that evidence. *Foster v. Schnell Refrigeration Co.*, 280 Or 411, 414, 571 P2d 497 (1977); *Schroeder v. Northrup Services, Inc.*, 86 Or App 112, 114, 739 P2d 33 (1987).

Defendant and his then wife, Judy,[3] sold real estate that they held as tenants by the entirety. They received a vendor's interest in a real estate contract. Several years later, they separated. Shortly thereafter, Judy began a relationship with plaintiff, who loaned her money for personal expenses. To repay those loans, Judy executed four separate documents by which she intended to assign her interest in the land sale contract to plaintiff. The first, dated March 8, 1986, was handwritten; the second, dated August 11, 1986, was drafted after the hearing on defendant's and Judy's dissolution; the third, dated September 2, 1986, was drafted after entry of the dissolution judgment on September 1, 1986. None was prepared by an attorney; none was recorded. At trial, defendant referred to them as "homemade assignments," and we adopt that characterization in our further reference to the first three assignments.

The dissolution judgment divided the interests in the land sale contract and the real property equally between defendant and Judy. A few days after the judgment was entered, Judy had a dispute with plaintiff. She then met with defendant. In a document drafted by his lawyer, Judy assigned

---

[1] ORCP 60 provides, in relevant part:

"Any party may move for a directed verdict at the close of the evidence offered by an opponent. * * * A motion for a directed verdict shall state the specific grounds therefor."

[2] Defendant did not file a brief in this court.

[3] Judy was not a party to this action.

her interests to defendant on September 4, 1986. Defendant was aware of the three previous homemade assignments.

Judy soon made up with plaintiff. She executed a fourth assignment, drafted by an attorney, to plaintiff on September 15, 1986. Plaintiff, with actual notice of defendant's September 4 assignment, recorded the September 15 assignment on September 15. Defendant, with actual notice of the homemade assignments and record notice of plaintiff's September 15 assignment, recorded the September 4 assignment on September 16.

Plaintiff sought a declaratory judgment that his September 15 assignment was valid and enforceable against defendant. The court granted defendant's motion for directed verdict at the end of plaintiff's case. Relying on ORS 93.640(1)[4] (*since amended by* Or Laws 1989, ch 516, § 1), the court held that, because plaintiff had actual notice of defendant's September 4 assignment, his winning the race to the recording office on September 15 afforded him no protection *vis-a-vis* defendant, who recorded one day later. *See Nelson v. Hughes*, 46 Or App 353, 359, 611 P2d 688 (1980). Judgment was entered for defendant, because plaintiff failed to present a *prima facie* case that he was a *bona fide* purchaser. *Willis v. Stager*, 257 Or 608, 613-14, 481 P2d 78 (1971).[5]

Plaintiff contends that the court misapplied the law. He argues that defendant's September 4 assignment cannot be superior to plaintiff's homemade assignments, because defendant, who had actual knowledge of them, was not a *bona fide* purchaser. We reject that argument. Plaintiff failed to allege in his complaint, and the court received no evidence at trial to show, that plaintiff obtained any interest under the homemade assignments. Rather, evidence of those assignments was

---

[4] At the time, ORS 93.640(1) provided, in relevant part:

"Every conveyance, deed, land sale contract or other agreement or memorandum thereof affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance, deed, land sale contract or other agreement or memorandum thereof is first filed for record, and as against the heirs and assigns of such subsequent purchaser."

[5] The court refused to enter a judgment quieting title in defendant. The judgment merely rejected plaintiff's claim that his assignment was superior to defendant's assignment.

received for the sole purpose of showing the "background" of the "transaction," more specifically that defendant had actual knowledge of his former wife's *intent* to have transferred previous interests.[6] As we said in *FDIC v. Davis,* 82 Or App 8, 12, 727 P2d 133 (1986), "In order for the *bona fide* purchaser rule to work, there must be an interest for it to protect."

At trial, plaintiff depended solely on the September 15 assignment. On appeal, he argues that one or more of the homemade assignments effectively transferred all or part of

_____

[6] The transcript reveals the following colloquy:

"THE COURT: You know, Mr. Germundson [plaintiff's counsel], I re-read your trial memorandum a few minutes ago. We have these three assignments — first three assignments that — and they have been offered in evidence, and they have been received in evidence but for the limited purpose only of showing what the rest of the transaction is about; more specifically, what Mrs. Higgins was thinking about when she made some of these other documents.

"But in your trial memorandum you're arguing that these first three assignments should cover the matter, it seems to me is the argument you're making. So I just want to make sure we're all clear on what you're doing here.

"MR. GERMUNDSON: Yes. Well, I think that is my argument to a point. You see, if there were in other interests in this case [sic] and [plaintiff] was relying on one of these assignments, that is a valid assignment of contract, but for the recording act.

"THE COURT: But he didn't plead it.

"MR. GERMUNDSON: Pardon?

"THE COURT: But he didn't plead it.

"MR. GERMUNDSON: No, I understand, I understand. He's saying ultimately there was one that was recorded. That's the one that we're alleging in our complaint, that's correct.

"THE COURT: Okay.

"MR. GERMUNDSON: These all show the intent of the parties.

"THE COURT: Just so I understand what we're doing.

"MR. SPAULDING [defense counsel]: But, Your Honor, just so it's clear, for the record, his entire case appears to be based upon the recording statute and tries to make [defendant] look like he is not a bona fide purchaser. And he constructs that entire argument on the existence of those three homemade assignments.

"And his whole case is going to collapse if those assignments are not entered for the purpose of transferring an interest in real property, which they cannot do.

"THE COURT: Well, we'll see how it all comes down, just so we understand that you're relying on the September 15 assignment —

"MR. GERMUNDSON: That's correct.

"THE COURT: — that was recorded. And you're not relying on those first three. Those are received in evidence solely for the purpose of background of what happened here. I read your — okay. Just so everybody understands where we are in this matter.

"MR. GERMUNDSON: All right."

Judy's interest. We hold plaintiff to the theory that he advanced at trial. Therefore, we need not determine whether any of the homemade assignments effectively transferred either Judy's personal property right to receive payments under the land sale contract or her interest in the legal title that she held with defendant as a tenant by the entirety. *See Security Bank v. Chiapuzio,* 304 Or 438, 443, 747 P2d 335 (1987). The only issue before the court in plaintiff's case was whether his September 15 assignment was superior to defendant's September 4 assignment. The court applied ORS 93.640(1) and determined that it was not, because plaintiff recorded his interest with actual knowledge of defendant's prior assignment. The trial court's analysis was correct.

Affirmed.