On appellant's petition for reconsideration filed April 18, and on respondent's petition for reconsideration filed April 18, Jackson's petition for reconsideration allowed, former opinion (100 Or App 392, 786 P2d 1269) modified; reversed and remanded; Lopez's petition for reconsideration denied October 17, 1990, petition for review allowed by order February 6, 1991

See 311 Or 151 (1991)

Esther SCOTT,
*Plaintiff,*

*v.*

Peter D. FRANCIS;
Patrick H. LePley; Jack J. Ackerman;
Francis, Lopez & LePley
and Francis, Lopez & Ackerman,
*Defendants,*

Carl A. Taylor LOPEZ,
*Respondent,*

*and*

Jay R. JACKSON,
*Appellant.*

(A8412-07550; CA A46646)

789. P2d 1111

Patrick N. Rothwell and Hallmark, Keating & Abbott, P.C., for appellant's petition.

John Folawn, Martin W. Jaqua and Holmes & Folawn, Portland, for respondent's petition.

BUTTLER, J.

Warren, J., dissenting from denial of Lopez' petition for reconsideration.

**BUTTLER, J.**

Defendants Jackson and Lopez have filed petitions for review of our decision, 100 Or App 392, 786 P2d 1269 (1990), which we treat as petitions for reconsideration. ORAP 9.15. We deny Lopez' petition, grant Jackson's, modify our opinion, and reverse and remand.

■ In our original opinion, we agreed with the trial court in holding that Jackson's claim for contractual indemnity failed, because the alleged promise to indemnify Jackson for any liability arising from his representation of Scott was made in November, 1981, after Jackson had already begun working on the case and had already incurred liability, because the Statute of Limitations had already run. We said that, because the only damages prayed for arose from facts *preceding* Lopez' alleged promise, Jackson's reliance on that promise could not have been detrimental to him.

We now recognize that we misunderstood Jackson's argument, which is that, although Lopez' promise to indemnify him was made after the Statute of Limitations had run, a jury could find that it was an offer that invited acceptance by the performance of an act, *Restatement (Second) Contracts,* § 45 (1981), and that Jackson accepted the offer by preparing the complaint and litigating the limitations question in the trial court and on appeal, devoting between 50 and 100 hours to the case. He testified that he would not have stayed on the case if Lopez had not made the promise in question. We now agree that Jackson's pleading and the evidence in support of it are sufficient to present a jury question. *See Restatement (Second) Contracts,* § 45 (1981); *Bixler v. First National Bank,* 49 Or App 195, 619 P2d 895 (1980).

■■ In granting Lopez' motion for directed verdict on this claim, the trial court also ruled that the evidence concerning Lopez' alleged promise to indemnify was not sufficiently definite to be actionable and that, in any event, the oral agreement was void under the Statute of Frauds. Viewed in the light most favorable to plaintiff, a jury could reasonably infer from the evidence that Lopez told Jackson that, if he would continue working on the case, Lopez would indemnify him for any legal malpractice liability he might incur as a result of the failure to commence Scott's action within the Statute of Limitations.

Although the alleged promise might fall within the Statute of Frauds, ORS 41.580(1)(b), as an agreement to answer for the debt of another, there is sufficient evidence to permit a jury to find that Jackson fully performed the contract and that his performance was referable solely to the alleged contract, thereby avoiding the Statute of Frauds defense. *Atkinson v. Triplett,* 244 Or 475, 419 P2d 4 (1966). There is also sufficient evidence to permit a jury to find all of the elements of a promissory estoppel, which would also avoid the Statute of Frauds. *Stevens v. Good Samaritan Hosp.,* 264 Or 200, 504 P2d 749 (1972); *see also Potter v. Hatter Farms,* 56 Or App 254, 641 P2d 628 (1982). Accordingly, it was error to direct a verdict for Lopez on this claim, as well as on the common law indemnity claim.

Jackson's petition for reconsideration allowed; former opinion modified; reversed and remanded. Lopez' petition for reconsideration denied.

**WARREN, J.,** dissenting.

I dissent from the denial of the petition for reconsideration of respondent Lopez on the common law indemnity claim for the reasons stated in my dissent to our original decision.

Rossman and Deits, JJ., join in this dissent.