Argued and submitted March 21, affirmed November 21, 1990

Robert D. BURTON,
Dawn M. Burton, and Burton's Enterprises, Inc.,
*Appellants,*

*v.*

John MACKEY,
Ransom & Smith Realty, Inc.,
Ted D. Anderson and Kohnen, Larson & Co.,
*Respondents.*

(840410; CA A48646)

801 P2d 865

Clayton C. Patrick, Salem, argued the cause for appellants. With him on the briefs were James G. Nelson, Albany, and William D. Brandt, Salem.

Ben C. Fetherston, Jr., Salem, argued the cause for respondents John Mackey and Ransom & Smith Realty, Inc. With him on the brief were Michael C. McClinton and Clark, Lindauer, McClinton, Krueger & Fetherston, Salem.

John R. Barker, Portland, argued the cause for respondents Ted D. Anderson and Kohnen, Larson & Co. On the brief were James M. Callahan, Susan D. Cardoni and Bittner & Barker, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs (Burton) appeal a summary judgment for defendants in an action for negligence, indemnity and contribution and breach of contract. We affirm.

The present action arises out of a fraud judgment that Gerke won against Burton. *Gerke v. Burton Enterprises,* 80 Or App 714, 723 P2d 1061, *rev den* 302 Or 299 (1986). The undisputed facts are that, in 1981, Gerke purchased a motel and restaurant complex from Burton. As part of the transaction, defendants John Mackey and Ransom & Smith Realty, Inc. (Mackey), Burton's realtors, gave Gerke inaccurate net income figures for 1980. The figures were based on information Burton had provided the realtor. Gerke and Burton met. Thereafter, Gerke requested operating statements for 1981. Burton promised to deliver them, but failed to do so. Instead, defendants Ted D. Anderson and Kohnen, Larson & Co. (Anderson), Burton's accountants, provided Gerke with gross income figures for 1981 that contained errors and overstated the gross profit. Gerke relied on that information when he purchased the property. After Gerke had successfully sued Burton for fraud, Burton brought this action to recover from defendants the amount of general damages and attorney fees that Gerke had recovered against him and certain additional sums, plus punitive damages against Mackey.

Burton assigns as error that the court granted summary judgment for defendants. There are, however, no genuine issues of material fact, and defendants are entitled to summary judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corp.,* 284 Or 695, 699, 588 P2d 1100 (1978).

Burton asserts that defendants were negligent in providing financial information in connection with the Gerke sale. He contends that their negligence harmed him, because it resulted in his becoming liable to Gerke. The fraud judgment, however, resulted from Burton's misrepresentation of financial data, his knowledge of the data's falsity or recklessness with respect to it and his intent that Gerke rely on the data. Even if defendants were negligent, their negligence could not, as a matter of law, have been the cause of Burton's fraudulent

conduct. The court did not err when it granted summary judgment to defendants on Burton's negligence claim.[1]

■ ■    Burton also asserts that defendants are liable for indemnity. Indemnity shifts the loss to one who ought, in equity, to bear it. *General Ins. Co. v. P.S. Lord,* 258 Or 332, 336, 482 P2d 709 (1971). The person whose liability is primary, not secondary, or whose fault is active, not passive, should bear the loss. *Fulton Ins. v. White Motor,* 261 Or 206, 210, 493 P2d 138 (1972); *see also Scott v. Francis,* 100 Or App 392, 786 P2d 1269, *modified* 104 Or App 39, 798 P2d 1111 (1990). Even if defendants were negligent, they were entitled to summary judgment on the indemnity claim. As between Burton, the fraudulent seller, and defendants, his negligent agents, his liability is primary.

■    As to Burton's claim for contribution from defendants for their negligent conduct, ORS 18.440(1) provides for contribution among tortfeasors who are liable to the same person for the same injury. The plaintiff seeking contribution can recover "only if the original plaintiff could have recovered against [the contribution defendant]." *Miller v. City of Portland,* 288 Or 271, 274, 604 P2d 1261 (1980). Burton, therefore, cannot recover contribution from defendants if they are not liable to Gerke for the same injury for which he recovered from Burton.

Gerke and Burton executed a land sale contract, paragraph 18 of which provides:

> "[N]o representations as to the conduct of the business upon the premises in the past, present or in regard to future conduct of business upon the premises, have been made by seller or by any agent of seller * * *."

At the trial of his action against Burton, Gerke acknowledged that paragraph 18 barred any claim that he could make for negligent misrepresentation. His interpretation is consistent with Oregon law. *See Wilkinson v. Carpenter,* 276 Or 311, 314, 554 P2d 512 (1976); *Hoover v. Hegewald,* 70 Or App 223, 230,

---

[1] As part of Burton's negligence claim against Mackey, and to support recovery of punitive damages, Burton alleges that Mackey's failure to send an appraisal report to Gerke was intentional. That allegation does not change the negligence claim to a fraud claim, and Burton does not assert that it does.

689 P2d 965 (1984), *rev den* 298 Or 773 (1985). Even if defendants were negligent toward Gerke, he could not have recovered against them.[2] Accordingly, Burton cannot recover contribution from defendants, and the court did not err when it granted summary judgment on Burton's claim for contribution.

Burton's contract claims allege that defendants' contracts contain implied promises to perform their professional responsibilities with reasonable competence. The promises are merely commitments to conform to a general standard of care. Even if defendants were negligent, Burton's contract claims simply duplicate the tort claims and fail for the same reason. The court did not err when it awarded summary judgment on Burton's contract claims.

Affirmed.

---

[2] Burton does not claim, and Gerke never has claimed, that either Mackey or Anderson is liable to Gerke for fraudulent misrepresentations.