Argued and submitted January 12, affirmed December 12, 1990, reconsideration denied January 30, petition for review denied March 5, 1991 (311 Or 187)

Florence L. HILL,
*Appellant,*

*v.*

Robert W. MAYERS
and Lynn Mayers, and Adroit Construction Co., Inc.,
*Respondents.*

(88-229-J-3; CA A60052)

802 P2d 694

David V. Gilstrap, Ashland, argued the cause for appellant. With him on the briefs was Ainsworth, Davis, Gilstrap & Harris, Ashland.

William G. Purdy, Medford, argued the cause for respondents. With him on the brief was Foster, Purdy, Allan & Peterson, Medford.

Before Joseph, Chief Judge,* and Riggs and Edmonds, Judges.

EDMONDS, J.

Riggs, J., dissenting.

* Joseph, C. J., *vice* Graber, *former* P. J.

**EDMONDS, J.**

Plaintiff appeals[1] from a judgment after the trial court granted defendants' motion for a directed verdict under ORCP 60. We affirm.

Plaintiff was looking for a house to purchase that could be converted to a bed and breakfast business. A real estate agent referred her to defendants Mayers. She argues that she purchased Mayers' house in reliance on a promise that remodeling the house to meet her needs could be done for less than $7,500, but that the actual cost of remodeling was $36,810. She identifies her claim as a claim "for damages under a theory of promissory estoppel." As we said in *City of Ashland v. Hoffarth,* 84 Or App 265, 270, 733 P2d 925, *rev den* 303 Or 483 (1987):

> "There is no such animal. Promissory estoppel is a basis for enforcing a promise despite a lack of consideration when the promisee has relied on the promise to his detriment."

Accordingly, her claim is for breach of contract, despite her erroneous label for it.

■ ■ Plaintiff's evidence did not establish a promissory estoppel.[2] A promissory estoppel presupposes that there is no actual consideration; the estoppel becomes a substitute for consideration. *Schafer et al v. Fraser et ux,* 206 Or 446, 468, 290 P2d 190, 294 P2d 609 (1956). *Restatement (Second) Contracts* § 90 (1981), illustration 1, gives an example:

> "1. A, knowing that B is going to college, promises B that A will give him $5,000 on completion of his course. B goes to college and borrows and spends more than $5,000 for college expenses. When he has nearly completed his course, A notifies him of an intention to revoke the promise. A's promise is binding and B is entitled to payment on completion of the

---

[1] The complaint alleged two claims. The jury returned a verdict for plaintiff on one. The other consisted of four alternative claims labeled fraud, quasi-contract, quantum meruit and "promissory estoppel." The jury returned a verdict for defendants on the fraud count. The trial court granted defendants' motion for directed verdict on the other three. Plaintiff's only assignment of error is about the claim labeled "promissory estoppel."

[2] The elements of promissory estoppel are: (1) a promise, (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind that occurred, (3) actual reliance on the promise and (4) a substantial change in position by the party seeking to enforce the promise. *Bixler v. First National Bank,* 49 Or App 195, 199, 619 P2d 895 (1980).

course without regard to whether his performance was 'bargained for' * * *."

Plaintiff submitted evidence that defendants offered to do the remodeling for $7,500 in order to induce her to purchase the house. If there was an offer, it invited acceptance by the performance of an act, and plaintiff's purchase created a contract with actual consideration. *See Scott v. Francis,* 104 Or App 39, 798 P2d 1111 (1990); *see also Restatement (Second) Contracts,* §§ 45, 62 (1981). Therefore, contrary to what the dissent asserts, there was evidence of actual consideration and not merely of promissory estoppel.

In an appeal from a judgment on a directed verdict, we view the evidence in the light most favorable to the losing party, and the judgment will be upheld only if there is no evidence to support the allegations or there is conflicting evidence that is capable of only one construction. *City of Rogue River v. DeBoer,* 288 Or 485, 488, 605 P2d 697 (1980). The evidence adduced by plaintiff would have created an issue of fact for the jury, if she had been suing for breach of a contract that was based on actual consideration. However, when a case has been heard on a particular theory in the trial court, on appeal the parties are restricted to the theory on which the case was tried. *Millers Mut. Fire Ins. Co. v. Wildish Const. Co.,* 306 Or 102, 107, 758 P2d 836 (1988). Plaintiff did not allege or argue in the trial court that there was a contract based on actual consideration. As a result, the trial court did not err in granting defendants' motion for directed verdict. *See Bush v. Greyhound Lines, Inc.,* 295 Or 619, 623, 669 P2d 324 (1983).

Affirmed

**RIGGS, J.,** dissenting.

I agree that we must treat plaintiff's claim as a claim for breach of contract. I also agree that the parties are restricted on appeal to the promissory estoppel theory on which the case was tried. However, I would reverse and remand on the basis of a promissory estoppel.

I agree with the majority's basic premise that promissory estoppel applies only when there is a lack of actual consideration. *See Schafer et al v. Fraser et ux,* 206 Or 446, 468-72, 290 P2d 190, 294 P2d 609 (1956). However, the majority confuses subsequent action in reliance on the promise with

"actual consideration." 104 Or App at 632. In her pleadings, at trial and on appeal, plaintiff argued that Robert Mayers promised to do the conversion through Adroit for between $7,000 and $7,500. A jury could have reasonably found from the evidence that, in making that promise, Mayers bargained for the consideration of plaintiff's promise to pay between $7,000 and $7,500. Plaintiff never actually made such a promise; therefore, there arguably was a lack of consideration for Mayers' promise. However, a jury could reasonably have found from the evidence that plaintiff's subsequent purchase of the house was a reasonably foreseeable change of position in reliance on Mayers' promise; thus, the promise was enforceable under the doctrine of promissory estoppel. *See Schafer et al v. Fraser et ux, supra,* 206 Or at 472; *Bixler v. First National Bank,* 49 Or App 195, 199-200, 619 P2d 895 (1980).

It is true that there was *some* evidence that Mayers actually bargained for plaintiff's promise to purchase the house when he promised to do the conversion. However, there was also contrary evidence. A jury could have reasonably found that there was no consideration for Mayers' promise to do the conversion but that there was a promissory estoppel. Accordingly, the trial court erred in granting defendants' motion for a directed verdict. *See City of Rogue River v. DeBoer,* 288 Or 485, 488, 605 P2d 697 (1980).

Therefore, I dissent.