Hurshel L. HALEY,
*Appellant,*

*v.*

Linda HERBERT
and Matthew Rice,
Deputy Sheriff of Washington County,
*Respondents,*

*and*

WASHINGTON COUNTY
and William Probstfield,
Sheriff of Washington County,
*Defendants.*

(C90957CV; CA A78341)

865 P2d 389

James K. Gardner argued the cause and filed the briefs for appellant.

Kit A. Jensen argued the cause for respondent Linda Herbert. With him on the brief was Hall & Jensen.

Keith B. Rogers filed the brief for respondent Matthew Rice.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff appeals from a directed verdict in favor of defendant Herbert on claims of false imprisonment and conversion. He also appeals from a judgment dismissing his civil rights claim against defendant Rice and an award of attorney fees to Rice. We affirm.

Plaintiff offered to buy a tractor from Herbert for $4,000, payable in monthly installments of $1,000 beginning in September, 1990. Plaintiff testified that Herbert agreed to sell the tractor, although Herbert denies that she agreed to the sale. The question of whether there was an oral agreement was not resolved at trial. There was no written contract. On August 21, 1990, plaintiff drove the tractor to his house, where he made some repairs.

On August 23, 1990, Herbert told plaintiff that she had not agreed to the sale and asked him to return the tractor. He refused. That evening, Herbert told the sheriff's office that plaintiff stole her tractor and asked them to get her tractor back. Defendant Deputy Rice testified that Herbert did not want plaintiff arrested. Rice went to plaintiff's house and asked to see the tractor. Plaintiff refused despite Rice's warning that he would be arrested if he did not reveal the tractor's location. After plaintiff's second refusal, Rice arrested him. On October 5, 1990, Rice returned to plaintiff's house and stood by as members of the Herbert family recovered the tractor.

We first address whether the trial court properly directed a verdict in favor of Herbert on the false imprisonment claim. We view the evidence in the light most favorable to the losing party. We uphold the judgment only if there is no evidence to support the allegations or if there is conflicting evidence capable of only one interpretation. *Hill v. Mayers*, 104 Or App 629, 632, 802 P2d 694 (1990), *rev den* 311 Or 187 (1991). To reverse the judgment against his claim of false imprisonment, plaintiff must show that there is some evidence that Herbert instigated a warrantless arrest without justification. *Pearson v. Galvin*, 253 Or 331, 335, 454 P2d 638 (1969).

Herbert argues that there is no evidence that she instigated the arrest. In *Pearson*, the Supreme Court adopted

the definition of "instigation" found in the *Restatement (Second) Torts* § 45A, *comment c*:

> "Instigation consists of words or acts which direct, request, invite or encourage the false imprisonment itself. In the case of an arrest, it is the equivalent, in words or conduct, of 'Officer, arrest that man!' It is not enough for instigation that the actor has given information to the police about the commission of a crime, or has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them." 253 Or at 335.

Rice testified, that when he asked Herbert if she wanted plaintiff arrested, she said "No." Rice and plaintiff each testified that Rice warned plaintiff that failure to reveal the tractor's whereabouts would result in an arrest. Plaintiff presented no evidence that Herbert instigated the arrest. The trial court did not err in directing a verdict against plaintiff's claim of false imprisonment.

■ We next consider the directed verdict in favor of Herbert on the conversion claim. Conversion is an act of dominion, wrongfully exerted, inconsistent with the plaintiff's property right. *Gowin v. Heider*, 237 Or 266, 304, 386 P2d 1, 391 P2d 630 (1964). To prevail on appeal, plaintiff must first show that there is some evidence that he had an interest in the tractor that Herbert allegedly converted. *Hill v. Mayers, supra*, 104 Or App at 632. The trial court held that there was no documentation of a sale that would satisfy the Statute of Frauds and no part performance that would take the alleged oral contract out of the statute. ORS 72.2010(1); ORS 72.2010(3)(c). Therefore, the trial court concluded, plaintiff had no interest in the tractor. On appeal, plaintiff makes two arguments: that he had a possessory lien for labor and materials expended on repairs to the tractor, and that the Statute of Frauds must be affirmatively pleaded as a defense to a conversion claim. Those arguments were not made to the trial court and we do not consider them for the first time on appeal.

■■ We next consider the judgment directing a verdict in favor of Rice on plaintiff's claim under 42 USC § 1983. In order to prevail, plaintiff must produce some evidence that: (1) Rice was acting under color of law; (2) plaintiff had a

recognizable property interest in the property involved; (3) Rice's acts deprived plaintiff of his property; and (4) the deprivation violated plaintiff's right to due process. *McCowen v. City of Evanston*, 534 F2d 243 (7th Cir 1982); *Hill v. Mayers, supra*, 104 Or App at 632. Rice argues that plaintiff presented no evidence that he had a cognizable property interest in the tractor. Plaintiff argues that he had an interest in the tractor because his repairs gave rise to a mechanic's lien. Plaintiff did not make that argument to the trial court and we will not consider it on appeal. The directed verdict in Rice's favor on the section 1983 claim was not error.

Plaintiff next assigns error to the award of attorney fees in favor of Rice. The judgment awarding the fees was entered on September 17, 1992. Plaintiff's objection to the award was filed on October 16, 1992. Under ORCP 68C(4)(b), a party must file an objection to an award of attorney fees within 15 days from the date that the judgment, including the award, was entered. Plaintiff's objection was untimely.

Affirmed.